# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Stanley Hall,**<br>Petitioner<br>-vs-<br>**John Cooper, et al.,**<br>Respondents | CV-08-1637-PHX-SRB (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Maricopa County Jail in Phoenix, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 17, 2008 (#36). On March 18, 2009, Respondent Arpaio filed his Answer (#71). On April 3, 2009, Respondent Goddard filed an Amended Answer (#79). Petitioner filed a Reply (styled " Response to Respondents Answer") on April 16, 2009 (#83). Respondents have also now filed a Supplemental Answer (#98) and Joinder (#99), and Petitioner has filed a Supplemental Reply (#104).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. STATE PROCEDURAL BACKGROUND

Petitioner's Amended Petition challenges his detention in the Maricopa County Jail, and attributes that detention to: (1) his conviction in Maricopa County Superior Court case

- 1 -

number CR-2001-003370; (2) Psychiatric Security Review Board case number 01-22-CR-2001-003370; and (3) the then pending prosecution in Maricopa County Superior Court case number CR-2008-166758.

**2001 Conviction** - On November 19, 2001, in Maricopa County Superior Court case number CR-2001-003370, Petitioner was found guilty except insane to two charges of Dangerous Assault by a Prisoner, class 2 felonies, and was sentenced to a term of 10.5 years confinement in the Arizona State Hospital. (Amend. Pet. #36, Exh. 1-A, Verd. 11/19/01.) After completing some three years of treatment, Petitioner was conditionally released from the Arizona State Hospital on January 26, 2005. (Amend. Pet. #36, Exh. 13-A, Treatment Plan at 1; Supp. Ans. #98, Exh. A, PSRB Order 11/23/04.)[1]

**2006 Extradition** - On August 16, 2006, Petitioner was stopped by police as part of an investigation of suspicions that Petitioner was the "Base Line Rapist." Petitioner was "handcuffed and arrested" for an out of state detainer. (Amend. Pet. #36 at 13.) On November 18, 2006, Petitioner was extradited to San Antonio, Texas for trial on two counts of theft committed in 1999. (Amend. Pet. #36, Exh. 13-A, Treatment Plan at 1; Supp. Ans. #98, Exh. E Waiver of Extradition.)

Petitioner remained in Texas until August 14, 2008, when he was transported back to Arizona for evaluation in the Arizona State Hospital. (*Id.*) Petitioner asserts that the Texas prosecution was dismissed in July, 2008, after which he was returned to the custody of the State of Arizona pursuant to a detainer. (Amend. Pet., #36 at 14.) He was returned to Arizona on August 14, 2008. (*Id.*, Exh. 13-A, Treatment Plan, at 1.)

**2008 Psychiatric Proceedings** - On September 5, 2008, Petitioner was given a Notice of Hearing by the Arizona Psychiatric Security Review Board (PSRB), setting a hearing to determine whether: (1) Petitioner had violated the terms of his conditional release form the Arizona State Hospital; (2) Petitioner's mental condition had deteriorated; and (3) Petitioner's conditional release should be revoked or modified. (Amend. Pet., #36, Exh. 3-

---

[1] No explanation for the delay from the Order until the release appears from the record.

A.) That hearing was conducted on September 19, 2008. Petitioner appeared with counsel, and a decision made to revoke Petitioner's conditional release, and an order or commitment to the Arizona State Hospital issued. (*Id.* at Exh. 7-A (hand copied version of Order 9/25/08); Supp. Ans. #98, Exh. F. Minutes 9/19/08 at 2.) Petitioner was then detained in the Arizona State Hospital.

On or about September 19,2009, Petitioner filed with the PSRB an "Appeal" of the September 19, 2008 decision, arguing *inter alia* that he had been denied his right to an independent psychological evaluation, that the evaluating physician was biased, and he was wrongly denied the right to represent himself. (Amend. Pet., #36 , Exh. 5-A.)

On or about October 16, 2008, Petitioner filed a "Motion for Appeal" with the Maricopa County Superior Court in case number CR-2001-00370, raising various claims of error in the PSRB decision and proceedings, including bias on the part of the evaluating physician, and failure to consider conduct in relevant time frames. (Amend. Pet. #36, Exh. 6-A.)   According to Respondents, Petitioner did not provide notice of this appeal to the PSRB, and they, therefore did not forward the record to the Maricopa County Superior Court, and thus this appeal has never been addressed. (Supp. Answer, #98 at 12-13.)

On November 10, 2008, Petitioner submitted a *pro se* interlocutory appeal in Maricopa County Superior Court case number CR-2008-166758, challenging *inter alia* his detention in the Arizona State Hospital. (*Id.* at Exh. 9-A.)   On December 8, 2008, the Arizona Court of Appeal returned the appeal unfiled on the basis that Petitioner was represented, and thus could not the file the matter on his own behalf. (*Id.* at Exh. 10-A (hand copied version of letter).)

**2008 Prosecution** - Allegedly, on October 22, 2008, Petitioner assaulted a member of the hospital staff. On November 25, 2008, an information was filed in Maricopa County Superior Court case number CR2008-166758 charging Petitioner with the assault. (Amend. Ans., #79, Exhibit B.)   Custody of Petitioner was transferred to Respondent Arpaio, and

Petitioner remained detained in the Maricopa County Jail until January 2010,[2] when he was placed in the custody of the Arizona State Hospital. (#115, Notice of Change of Address.)

### E. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - On September 4, 2008, Petitioner commenced the present federal habeas proceedings by filing his original Petition (#1), while he was in custody in the Arizona State Hospital. On October 15, 2008, that petition was dismissed with leave to amend (#21), and on December 17, 2008, Petitioner filed the instant Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (#36). Petitioner's Amended Petition asserts seven grounds for relief:

(1) Petitioner's 2006 arrest and detention were an illegal search and seizure, in violation of the Fourth and Fourteenth Amendments;

(2) Petitioner's Fourteenth Amendment rights were violated when he was coerced into signing a waiver of extradition, resulting in the 2006 extradition to Texas;

(3) Petitioner's Eighth and Fourteenth Amendment rights were violated when he was denied due process during his September 2008, PSRB hearing because he was not allowed to be present;

(4) Petitioner's Eighth and Fourteenth Amendment rights were violated when he was imprisoned in the 2008 prosecution without access to bond, access to methods of outside communication, and was not allowed to be present at his bond hearing;

(5) Petitioner's Sixth and Fourteenth Amendment rights were violated in the September 2008 PSRB proceedings because he was not allowed to be present during hearings or speak in his own defense and his appointed counsel failed

---

[2] The online docket and minute entries of the Maricopa County Superior Court in Case CR2008-166758 reflect that on January 11, 2010, Petitioner pled no contest and was sentenced to time served. *See* http://www.superiorcourt.maricopa.gov/docket/Criminal CourtCases/caseInfo.asp?caseNumber=CR2008-166758 (last accessed 5/3/10).

- 4 -

|   |   |
|---|---|
| 1 | to prepare a defense; |
| 2 | (6) Petitioner's Fourth and Fourteenth Amendment rights were violated when his |
| 3 | counsel was ineffective in the course of the 2006 extradition proceedings; and |
| 4 | (7) Petitioner's First and Sixth Amendment rights were violated when the Arizona |
| 5 | Court of Appeals erred in failing to consider Plaintiff's claims challenging the |
| 6 | 2008 PSRB decision. |

On January 13, 2009, the Court issued its service Order (#43), dismissing various named respondents, and directing a response from the Maricopa County Sheriff, Joseph Arpaio and the Arizona Attorney General.

**Answers** - On March 18, 2009, Respondent Arpaio filed his Answer (#71), arguing that, insofar as Petitioner challenges his 2008 prosecution, the petition is not ripe because that prosecution is ongoing. Respondent further argues that Petitioner's claims are unexhausted. On April 3, 2009, Respondent Goddard filed his Amended Answer (#79), acknowledging that the Petition is not barred by the statue of limitations, but arguing that the claims are unexhausted.

**Reply** - On April 16, 2009, Petitioner filed his Reply (#83), arguing that he has no state remedies available to him.

**Supplemental Answer** - On May 20, 2009, the undersigned directed Respondents to supplement their answer and the record to address the "in custody" requirement and the available remedies for review of the PSRB decision, and Petitioner's exhaustion of those remedies. (Order 5/20/09, #94.) On June 3, 2009, Respondent Goddard filed a Supplemental Answer (#98), in which Respondent Arpaio joined (#99). Respondents contend that Grounds 3, 5, and 7 of the Petition are unexhausted and procedurally defaulted. They argue Ground 4 is unexhausted, and in part constitutes a challenge to conditions of confinement which is not a ground for habeas relief. Respondents do not address the "in-custody" issue with regard to Grounds 1, 2, ant 6.

**Supplemental Reply** - On June 17, 2009, Petitioner filed his Supplemental Reply (#104). Petitioner complains that his petition for writ of certiorari to the U.S. Supreme Court

is not being properly processed, that the Court has intentionally misconstrued his claims, that the undersigned and the District Judge are acting as confederates of the State of Arizona. He argues he has remained in custody of some entity since his arrest in 2006, and in custody of the PSRB and Arizona authorities since his original commitment, and that his custody has been tantamount to consecutive sentences and should be handled accordingly. He argues that he gave notice of his appeal to the PSRB, spoke with someone at PSRB and was advised he had to file his appeal with the court. He argues he was shortly thereafter transported to the Maricopa County Jail, where he was denied access to his materials for weeks, and was never notified of the need to give further notice to the PSRB. He further argues that the state courts have routinely refused to decide his motions, thus making any process unavailable, and thus exhaustion unnecessary. Finally, Petitioner argues that Respondents waived their exhaustion and procedural default issues by failing to raise them in their original Answer.

In his Supplemental Reply, Petitioner argues that the Court and Respondents have misconstrued his claims, and attempts to clarify his assertions that there was an underlying conspiracy among Arizona and Texas officials to falsely imprison him. (#104 at 1-2.) This Court is obligated to liberally construe Petitioner's claims so as to make out viable constitutional claims cognizable in a federal habeas proceeding. *See Zichko v. Idaho*, 247 F.3d 1015 (9th Cir. 2001). Much of what Petitioner contends would render his claims to be based on something other than constitutional violations, and thus subject to dismissal for failure to state a habeas claim. *See infra,* Section III(B) (Improper Civil Rights Claims). Moreover, Petitioner has not sought to amend his Petition. Consequently, the undersigned has not adopted the purported clarifications offered by Petitioner in his Supplemental Reply as amendments, but instead has relied upon them to supplement the Court's understanding of the existing claims in the Amended Petition.

**Objections and Appeals** - Prior to filing his Supplemental Reply, Petitioner filed a Notice of Interlocutory Appeal to the Supreme Court (#95), which was construed as an appeal to the Ninth Circuit, and a certificate of appealability denied. (*See* Order 6/9/09, #101.) That appeal was dismissed for failure to prosecute on August 4, 2009 (#108).

On November 2, 2009, Petitioner filed a second Notice of Interlocutory Appeal to the Ninth Circuit (#111). A certificate of appealability was again denied. (Order 11/6/9, #112.) That appeal remains pending.

In the meantime, Petitioner made a series of filings opposing various orders and several motions seeking temporary restraining orders and preliminary injunctions. These have been resolved, with the most recent being denied by District Judge Bolton on October 5, 2009 (#110).

### III. APPLICATION OF LAW TO FACTS

### A. GROUNDS 1, 2, and 6: IN CUSTODY REQUIREMENT

**In Custody Requirement** - A petition for writ of habeas corpus is a challenge to custody. Pursuant to 28 U.S.C. § 2254(a), federal courts may "entertain an application for a writ of habeas corpus" only in behalf of a person who is "in custody pursuant to the judgment of a State court." This "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*). Similarly, under 28 U.S.C. section 2241(c)(3), a petitioner must be "in custody" in order to obtain relief in a habeas corpus proceeding.

Petitioner's grounds for relief all relate to his 2006 arrest and extradition (Grounds 1, 2, and 6) and his 2008 PSRB proceedings and commitment in the Arizona State Hospital (Grounds 3, 4, 5, and 7).

**2006 Extradition** - With regard to the 2006 extradition, Petitioner acknowledges that those proceedings were dismissed in July, 2008, and he has been in the custody of the State of Arizona pursuant to the 2001 conviction or the 2008 prosecution, since August, 2008. Accordingly, Petitioner was not, at the time he instituted these proceedings, on September 4, 2008 (or at the time he filed his Amended Petition on December 17, 2008) "in custody" pursuant to the 2006 arrest and extradition. Indeed, Petitioner acknowledges that his petition was not mailed until "seventeen days after his arrival 8-14-09" back in Arizona. (Reply, #83

- 7 -

at 2.) Accordingly, as to Grounds 1, 2 and 6, this Court lacks jurisdiction to entertain those claims.

Petitioner raises a series of near-miss arguments to avoid this conclusion. Petitioner objects that he has continually been in some form of custody since 2006, and equates his Texas custody to a consecutive sentence, citing *Peyton v. Rowe*, 391 U.S. 54 (1968). (Supp. Reply, #104 at 4-5.) In *Peyton*, the Court held that a defendant remains "in custody" under a judgment imposing consecutive sentences, so long as he is serving one of the consecutive sentences. The alternative faced by the *Peyton* court was to force the petitioner to wait until he began serving the later sentence in order to challenge the underlying conviction, with the risk of faded memories. Here, Petitioner was not given "consecutive sentences" as the term is used in *Peyton*, where the sentences were given in a single judgement, and the one being challenged had not then yet commenced. Rather, here, Petitioner has been in custody under different judgments, *i.e.* his criminal commitment, then his Texas proceedings, then his Arizona 2008 prosecution. The fact that these were consecutive in time does not mean they are "consecutive" as the term is used in *Peyton*.

Similarly, Petitioner misplaces his reliance on situations where custody is deemed to continue even after an unconditional release. (Supp. Reply, #104 at 3.) It is true that exceptions apply which permit habeas jurisdiction to extend where imprisonment ends but some other form of custody continues, such as probation *Chaker v. Crogan*, 428 F.3d 1215 (9th Cir. 2005), or parole, *Jones v. Cunningham*, 371 U.S. 236, 237-28 (1963). Here, however, Petitioner points to no form of custody remaining which arises under the orders connected with his 2006 extradition. His subsequent incarceration in the 2008 prosecution, and now the continuation of his criminal commitment from the 2001 conviction, were not extensions of custody under the 2006 extradition and related Texas prosecution.  Even if Petitioner's subsequent troubles may have been exacerbated by the 2006 extradition, that would not supply the necessary "in custody" status. In *Maleng*, the Court rejected the claim that the potential for later enhancement of sentences for other crimes qualified to leave a defendant "in custody."  490 U.S. at 492.  "When the second sentence is imposed, it is

pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id.* at 492-493.

**2008 PSRB Proceedings** - In contrast, with regard to the 2008 PSRB proceedings, Petitioner remains "in custody" to the extent that, but for his then detention pending trial on the 2008 prosecution, Petitioner would be in custody at the Arizona State Hospital. *See e.g. Frazier v. Wilkinson*, 842 F.2d 42, 44 (2nd Cir. 1988) ("in custody" where intent to retake custody once released from current confinement in another matter). Accordingly, the Court does have jurisdiction over the grounds for relief related to those proceedings, Grounds 3, 5 and 7.

**2008 Prosecution** - Finally, at the time that Petitioner filed this action, he was in the actual physical custody of Respondent Arpaio, the Maricopa County Sheriff, pursuant to the bail order in the 2008 prosecution, and accordingly this Court has jurisdiction to address the related claims in Ground 4.[3]

**Summary** - Based upon the foregoing, Petitioner fails to meet the "in custody" requirement as to his 2006 extradition, and the related claims in Grounds 1, 2, and 6. Thus this Court lacks jurisdiction to address those claims, and they must be dismissed. The Court has jurisdiction as to Grounds 3, 4, 5, and 7.

## B. IMPROPER CIVIL RIGHTS CLAIMS

In his Ground 4, Petitioner complains, in part, that his Eighth and Fourteenth Amendment rights were violated when he was imprisoned in the 2008 prosecution without access to methods of outside communication. In his Supplemental Reply, Petitioner argues that the Court and Respondents misconstrue his various grounds for relief, and asserts that

---

[3] Arguably, the claims in Ground 4 have been rendered moot by Movant's conviction and release to the custody of the Arizona State Hospital, unless there is some argument that the claims would fit within the collateral consequences exception, *see Charon v. Wood*, 36 F.3d 1459 (9th Cir. 1994), or the capable fo repetition doctrine, *see Cox v. McCarthy*, 829 F.2d 800 (9th Cir. 1987). Because the parties have not been heard on this issue, and the claim is plainly unexhausted, the undersigned does not reach the mootness issue.

underlying them is a series of conspiracies by various actors to wrongly incarcerate him. Petitioner levels theses claims at the undersigned magistrate judge, District Judge Bolton, the State of Arizona, the State of Texas, his attorneys, Respondents, his psychiatric case manager, and the state courts. (Supp. Rely, #104 at 2-8.)

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement." *Id.* at 498-99. "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). The appropriate remedy for [unconstitutional conditions of confinement] would be a judicially mandated change in conditions and/or award of damages, but not release from confinement." *Id.* at 892. Such claims are properly brought in a civil rights action under 42 U.S.C. § 1983.

With regard to Petitioner's purported conspiracy claims, the Constitution does not itself prohibit conspiracies, merely whatever denials of constitutional rights may underlay the conspiracy. In contrast, the Civil Rights laws do prohibit such conspiracies, but provide relief only through a civil rights action under 42 U.S.C. § 1983 for state officials, *see e.g. Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992), private parties, *see e.g. United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir. 1989) (*en banc*), or federal officials, *see e.g. Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) or similar provisions related to federal officials. *See also* 42 U.S.C. § 1985(3) (conspiracy to deprive equal protection)

Accordingly, these claims are not properly brought in this habeas proceeding, and must be dismissed without prejudice.

## C. EXHAUSTION AND PROCEDURAL DEFAULT

Respondents argue that Petitioner's claims in his Grounds 3, 4, 5, and 7 are

1 unexhausted. They argue that those in Grounds 3, 5, and 7 are also now procedurally
2 defaulted, and thus barred from habeas review.

**Waiver** - Petitioner argues that Respondents have waived any defense as a result of any failure to exhaust by not raising it until the Supplemental Answer (#98). (Supp. Reply, #104 at 9.) However, Respondent Goddard raised the defense in his Original Answer (#69) and his Amended Answer (#79). Respondent Arpaio raised it in his Answer (#71). The Supplemental Answer by Respondents simply provides additional argument on the defense as directed by the Court. (*See* Order 5/20/09, #94.)

Moreover, unlike most affirmative defenses, a failure to exhaust defense under 28 U.S.C. § 2254 is not waived by failure to raise it. "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). No such express waiver has been made by Respondents.

Finally, exhaustion is not a mere affirmative defense, wherein the burden of proof lies on the Respondents as suggested by Petitioner. (Reply, #83 at 5.) To the contrary, when seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

**Exhaustion Requirement** - Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982). This requirement applies equally to state commitment proceedings as it does to criminal proceedings. *See eg. Nelson v. Sandrittr*, 351 F.2d 284 (9th Cir. 1965) (dismissing petition challenging state involuntary commitment for failure to exhaust state remedies).

However, by its terms, 28 U.S.C. § 2254 applies only to petitions by those "in custody

pursuant to the judgment of a State court." Although, in Grounds 3, 5, and 7, Petitioner attacks the re-commitment order of the PSRB, his custody under that order stems from the underlying 2001 criminal judgment. The re-commitment order simply altered the nature of his custody (e.g. by being committed rather than released on conditions). Consequently, 28 U.S.C. § 2254 applies to the PSRB claims.

Nonetheless, even if §2254 did not apply, and Grounds 3, 5 and 7 were governed under 28 U.S.C. § 2241, this Court would still be obligated to apply a prudential exhaustion requirement. *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004).

**Procedural Default** -Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

**Normal Criminal Rules Not Applicable** - Ordinarily, in relation to criminal prosecutions, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Here, however, Petitioner's claims in Grounds 3, 4, 5, and 7 do not challenge a criminal conviction. Rather, Grounds 3, 5, and 7 challenge Petitioner's re-commitment as a result of the September 2008 PSRB hearing, and Ground 4 challenges his detention without access to bond, etc. pending the culmination of his 2008 prosecution.

**Grounds 3, 5 and 7 - PSRB Claims** - Petitioner's Grounds 3, 5, and 7 challenge the re-commitment order issued by the PSRB. Review of administrative agencies in Arizona is governed by the Administrative Review Act, Ariz. Rev. Stat. § 12-901 *et seq.* Those statutes provide for the filing of a complaint within 35 days of the service of the decision to

be reviewed, Ariz. Rev. Stat. § 12-904(A), and require that a notice of the action be filed with the agency within 10 days of the filing of the complaint, Ariz. Rev. Stat. § 12-904(B). The action is to be filed with the Superior Court. Ariz. Rev. Stat. § 12-905(A). Service of the complaint and a summons"as in civil actions" must be effected upon the agency. Ariz. Rev. Stat. § 12-906. "The final decision, order, judgment or decree of the superior court entered in an action to review a decision of an administrative agency may be appealed to the supreme court." Ariz. Rev. Stat. § 12-913.

Here, Petitioner has apparently initiated an action in the Superior Court by filing his "Motion for Appeal" with the Maricopa County Superior Court in case number CR-2001-00370, raising various claims of error in the PSRB decision and proceedings, including bias on the part of the evaluating physician, and failure to consider conduct in relevant time frames.[4] (Amend. Pet. #36, Exh. 6-A.) That appeal has apparently not been addressed. Thus, it appears that Petitioner's state remedies are unexhausted.

However, according to Respondents, Petitioner did not provide notice of this appeal to the PSRB, and they, therefore did not forward the record to the Maricopa County Superior Court, and thus this appeal has never been addressed. (Supp. Answer, #98 at 12-13.) Petitioner presents no evidence of such a notice, but simply points to his earlier filing with the PSRB of an "Appeal." (Amend. Pet., #36 , Exh. 5-A.) As Petitioner relates, however, that filing was not acted upon, and Petitioner was directed by the PSRB to file his appeal with the Superior Court. (Supp. Reply, #104 at 7.) Moreover, that document was sent a month before his "Motion" with the Superior Court, and did not provide any notice of his court filing, but simply asserted an appeal. Thus, it did not constitute a "notice" as mandated by Ariz. Rev. Stat. § 12-904(B).

---

[4] Respondents do not contend that the filing of this document in the existing criminal proceeding and as a motion, rather than a separate complaint, resulted in a defective filing. Moreover, in the experience of the undersigned, the Arizona courts (like this and most others) often forgive such defects of form in filings by *pro se* litigants. Because the Arizona Superior Court has not rejected it on this basis (or any other), the undersigned is not prepared to say that the filing was fatally defective.

- 13 -

1 Respondents contend that the failure to provide this notice in a timely manner rendered Petitioner's court filing fatally defective. While the Arizona statute mandates the service of the notice within 10 days, it makes no reference to the effect of failure to provide timely notice. The Arizona cases make clear that the 35 day deadline for initiating the action is jurisdictional. *See e.g. Arizona Dept. of Economic Sec. v. Holland*, 120 Ariz. 371, 373, 586 P.2d 216, 217 (Ariz.App.1978); and *Smith v. Arizona Citizens Clean Elections Com'n*, 212 Ariz. 407, 413, 132 P.3d 1187, 1193 (2006). However, Respondents point to no authority making the notice of the action jurisdictional. The undersigned finds none. Moreover, the failure of the Arizona court to rule on the appeal suggests that the lack of notice is not fatal. In the face of such lack of clarity, the prudent approach is to look to the state courts to resolve the matter, and postpone federal review until they have done so. *See Burkett v. Love*, 89 F.3d 135, 142 (3rd Cir. 1996)

Accordingly, the undersigned must conclude that Petitioner's appeal in the Superior Court remains pending, and his state remedies unexhausted, but not procedurally defaulted.

**Ground 4 - 2008 Bail Proceedings** - An Arizona defendant may challenge his bond proceedings by filing a "special action" in the Arizona Court of Appeals. *Simpson v. Owens*, 207 Ariz. 261, 85 P.3d 478 (2004). An adverse decision by the Arizona Court of Appeals may be appealed by filing either a petition for review or a new petition for special action with the Arizona Supreme Court. 17B Ariz. Rev. Stat., Rules of Special Actions, Rule 8 (b).

Here, Petitioner points to no such special actions or petitions for review. Accordingly, these state remedies are unexhausted. Respondents point to no procedural bar that would render these claims procedurally defaulted. Accordingly, the undersigned concludes that Petitioner's state remedies on his bail proceeding remain unexhausted.

**Futility of Pursuing Remedies** - Petitioner suggests that he has sought to exhaust his remedies, but his filings are ignored or his claims rejected. (Suppl. Reply, #104 at 6-7.). Certainly his experience with his appeal from the PSRB re-commitment order evidences that to some extent. When a state remedy is "ineffective to protect the rights of the applicant," exhaustion is not required. 28 U.S.C. § 2254(b)(1)(B)(ii). However, Petitioner offers

nothing to show that the state courts have refused to address his appeal, as opposed to merely overlooking it. He does not, for example, suggest that he has pushed for a hearing or determination on that appeal. Nor does Petitioner show that the delay in that proceeding is not the result of his failure to provide the required notice, service, etc. on the PSRB. Petitioner points to no other specific instance of the state courts failing to address his filings, as opposed to simply failing to *sua sponte* address Petitioner's grievances. Moreover, the fact that Petitioner may be inept or just unsuccessful at utilizing the state's procedures does not render them "ineffective." Consequently, the undersigned does not find that these processes are "ineffective."

**<u>Interference</u>** - Petitioner also suggests that his efforts to secure relief have been intentionally hampered by various officials by his transfer to different forms of custody, criminal prosecution, etc. (Suppl. Reply, #104 at 6.) He asserts that he has been denied access to any court other than this one. (Reply, #83 at 4.)

It is true that it is only "available" remedies that must be pursued, 28 U.S.C. § 2254(b)(1)(A), and remedies may be deemed "unavailable" due to interference by state officials in the use of those remedies, and thus exhaustion of them excused. *See Mayberry v. Petcock*, 821 F.2d 179, 184 (3rd Cir. 1987). However, Petitioner points to no correlation between such actions, and his failure to pursue his PSRB appeal or to file a special action on his bail determination.[5] Indeed, it appears that Petitioner has remained active in litigation despite his re-commitment and detention without bond, including vigorously litigating this action, filing his motion for appeal, etc. Petitioner's bare allegations to the contrary fail to establish the kind of interference necessary to show the unavailability of such appeal and special action.

Moreover, he offers no explanation why he cannot now pursue those remedies, which

---

[5] For example, Petitioner expends much ink decrying the two years he spent in Texas following the extradition proceedings. However, that could have no bearing on his challenges to the subsequent PSRB re-commitment order and the 2008 bail determination. It would pertain only to his challenges to the extradition itself, which is no longer a justiciable issues, since the extradition custody has terminated.

- 15 -

remain available to him.

**Summary re Exhaustion** - Based on the foregoing, the undersigned has concluded that Petitioner's state remedies on Grounds 3, 4, 5, and 7 are unexhausted. Accordingly, these claims must be dismissed without prejudice.

## D. SUMMARY RE CLAIMS

Based upon the foregoing, the undersigned concludes that Petitioner fails to meet the "in custody" requirement for Grounds 1, 2, and 6 which challenge his extradition proceedings, and thus these Grounds must be dismissed with prejudice. The undersigned also concludes that the conditions of confinement claims in Ground 4 and Petitioner's conspiracy claims are not properly brought as habeas claims, and must be dismissed without prejudice. Finally, the undersigned concludes that the remainder of the claims in Grounds 3, 4, 5, and 7 are unexhausted, and must also be dismissed without prejudice.

## E. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to various State court judgments. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court=s assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds, and under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Grounds 1, 2, and 6 of the Petitioner's Amended Petition for Writ of Habeas Corpus, filed December 17, 2008 (#36) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the balance of Petitioner's Amended Petition for Writ of Habeas Corpus, filed December 17, 2008 (#36) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the findings and recommendations in this Report & Recommendation are adopted in the District Court's judgment, that a certificate of appealability be **DENIED**.

### V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

1 | Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: May 25, 2010

_____
JAY R. IRWIN
United States Magistrate Judge